IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 AUG 18 PM 4: 44
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| FRINDAR MEGASOFT INTERNATIONAL, INC., | § § § § | |
| Plaintiff | § § | CIVIL ACTION NO. |
| v. | § § | A-06-CA-600-LY |
| TELCORDIA TECHNOLOGIES, INC. | § § § | |
| Defendant. | § | |

## DEFENDANT TELCORDIA TECHNOLOGIES, INC.'S ORIGINAL ANSWER AND COUNTERCLAIM

Defendant Telcordia Technologies, Inc. ("Telcordia") files this Answer to Plaintiff's Original Petition (the "Petition") and Counterclaim, subject to and without waiving its right to compel arbitration of all claims in this lawsuit.[1]

### I.
### ANSWER

#### Discovery Control Plan[2]

1.  Paragraph 1 of the Petition contains a proposal for a discovery control plan under the Texas Rules of Civil Procedure and requires no response.

#### Parties

2.  Telcordia admits that Frindar Megasoft International, Inc. ("Frindar" or "Plaintiff") is a Virginia corporation authorized to do business in the State of Texas as of June

---

[1] Plaintiff's claims and Telcordia's Counterclaim are subject to a binding arbitration agreement between the parties, and Telcordia will be filing a separate motion to compel arbitration regarding same.

[2] For the Court's convenience, Telcordia will use the same headings as Plaintiff used in its Petition to provide its answers and defenses. In doing so, Telcordia does not intend to waive any defensive theory or agree or admit that Plaintiff's headings characterizations are accurate, appropriate, or substantiated.

27, 2006. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Petition.

3. Telcordia admits the allegations in paragraph 3 of the Petition.

## Jurisdiction and Venue

4. Telcordia admits that it has contracted with Texas residents and that this Court has personal jurisdiction over Telcordia, although such admission should not be construed as a waiver of Telcordia's right to arbitrate the claims in this case. Telcordia denies the remaining allegations in paragraph 4 of the Petition.

5. Telcordia denies the allegations in paragraph 5 of the Petition.

## Factual Background

6. Telcordia admits the allegations in paragraph 6 of the Petition.

7. Telcordia admits that Frindar negotiated the sale of 50 seats of the Telcordia® Network Engineer software product to Saskatchewan Telecommunications ("Sasktel") in Canada. Telcordia further admits that Frindar closed a transaction with Sasktel. Telcordia denies that ESRI Canada is Telcordia's partner. Telcordia further denies that ESRI Canada is responsible for pricing the Network Engineer software product in markets outside the United States. Telcordia further denies that Lee Nelson at Telcordia confirmed to Frindar the price quoted by ESRI Canada was the correct pricing for the software to be sold to Sasktel. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Petition.

8. Telcordia admits that it invoiced Frindar $450,000 (USD) for the 50 seats of Telcordia® Network Engineer software. Telcordia denies the remaining allegations in paragraph 8 of the Petition.

31175552.1

- 2 -

9.  Telcordia admits that on January 24, 2006, Telcordia sent Frindar a notice of default letter. Telcordia admits that on January 26, 2006, Telcordia declared Frindar in default under the VAR agreement. Telcordia denies the remaining allegations in paragraph 9 of the Petition.

10. Telcordia admits that Frindar attempted to resolve its dispute with Telcordia. Telcordia denies the remaining allegations in paragraph 10 of the Petition.

## Causes of Action

### Business Disparagement

11. Telcordia incorporates by reference its answers and defenses to paragraphs 1-10 of the Petition.

12. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegation that Frindar has lost an interface development contract with Sasktel that was worth between $400,000 - $600,000 (CAD) and that Frindar will continue to lose business opportunities with Sasktel in the future. Telcordia denies the remaining allegations in paragraph 12 of the Petition.

### Tortious Interference with Business Relations

13. Telcordia incorporates by reference its answers and defenses to paragraphs 1-12 of the Petition.

14. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegation that Frindar has a valid contract with Sasktel relating to the Telcordia® Network Engineering software product. Telcordia denies the remaining allegations in paragraph 14 of the Petition.

15. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegation that there is a reasonable possibility that Frindar would have entered into future business relationships with Sasktel, namely an interface development agreement with Sasktel. Telcordia denies the remaining allegations in paragraph 15 of the Petition.

### Exemplary Damages

16. Telcordia incorporates by reference its answers and defenses to paragraphs 1-15 of the Petition.

17. Telcordia denies the allegations in paragraph 17 of the Petition.

### Conditions Precedent

18. Telcordia is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Petition.

### Jury Demand

19. Telcordia denies that Frindar has a right to trial by jury for its claims, which are subject to an arbitration agreement.

### Prayer

20. Answering the "WHEREFORE" paragraph, Telcordia denies that it is liable to Plaintiff in any manner or amount whatsoever. Telcordia further denies that Plaintiff is entitled to any part of the relief requested or the damages sought.

## II.
## AFFIRMATIVE DEFENSES

Telcordia asserts the following defenses based on the facts, pleadings, and/or information and belief:

21. Plaintiff's claims are subject to valid and binding arbitration agreement.

31175552.1

22. Plaintiff's claims are subject to, and limited by, the agreed-upon limitation of liability in the VAR Agreement.

23. Telcordia acted in a manner consistent with applicable New Jersey law.

24. No agency or other binding relationship existed between Telcordia and any other entity that would impose liability on Telcordia for the actions, conduct or other inactions, if any, of such other entity.

25. Telcordia is entitled to a setoff for all sums of money owed to Telcordia by Plaintiff.

26. Plaintiff's allegations regarding contract pricing violate the statute of frauds.

27. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### III.
### COUNTERCLAIM

28. On or about October 15, 2004, Frindar and Telcordia entered into Software Marketing and Distribution Agreement No. 4FRDV1 Value Added Reseller Agreement (the VAR Agreement"), whereby Telcordia appointed Frindar as a non-exclusive distributor and value added reseller of its Telcordia® Network Engineer and Telcordia® Network Analyst software products. The VAR Agreement is attached as Exhibit A. The VAR Agreement was for an initial term of one year and automatically renewed for additional one-year periods thereafter.

29. In June of 2005, Frindar negotiated the sale of 50 seats of the Telcordia Network Engineer software product to Saskatchewan Telecommunications ("Sasktel") in Canada. Frindar approached Telcordia asking for a discounted price on the Sasktel deal as compared to the regular pricing set out in VAR Agreement. Telcordia and Frindar agreed on a sales price of $9000 (USD) a seat, for a total of $450,000 (USD), and a Base Maintenance fee of $2,000

(USD) a seat, for a total Base Maintenance fee of $100,000. This price reflected a deep discount from the regular pricing in the VAR Agreement. On June 27, 2005, Frindar executed Amendment One to Software Marketing and Distribution Agreement No. 4FRDV1 Value Added Reseller Network Engineer Software, attached hereto as Exhibit B, reflecting the agreed-upon pricing.

30. On June 27, 2005, Frindar also executed the License Request Form for Distributors, attached hereto as Exhibit C.

31. On June 29, 2005, Telcordia and Frindar entered into Amendment Two to Software Marketing and Distribution Agreement No. 4FRDV1 Valve Added Reseller Network Engineer Software, attached hereto as Ex. D. This Amendment allowed Frindar to become a certified training provider for Network Engineer-related classes, and made the "Training Certification Program" a part of the VAR Agreement. In exchange for becoming a certified training provider under Amendment Two, Frindar agreed to pay to Telcordia the sum of $9,000 (USD).

32. On July 26, 2005, Telcordia and Frindar International, Inc., an assumed name of Frindar Megasoft International, Inc., entered into a Professional Services Master Agreement Telcordia Contract No. 5FMMSA, attached hereto as Exhibit E. In this agreement, Telcordia agreed to provide, upon the request of Frindar International, Inc. certain services as delineated in the Professional Services Work Statement Contract No. 5FMPS1 ("Professional Work Services Statement"), attached hereto as Exhibit F. Telcordia provided the services for the agreed-upon fees.

33. Telcordia invoiced Plaintiff pursuant to the VAR Agreement and the Professional Work Services Statement. Invoices to Plaintiff that remain unpaid are attached hereto as Exhibit G.

34. On January 24, 2006, Telcordia sent its Notice of Default, attached hereto as Exhibit H.

35. On January 26, 2006, Telcordia made formal demand for payment under the VAR Agreement, attached as Exhibit I.

36. Frindar has failed to pay amounts due under the VAR Agreement and the Professional Work Services Statement.

37. Late fees continue to accrue under the VAR Agreement and the Professional Work Services Statement, and Frindar is obligated to pay such fees pursuant to Section 4.5 of the VAR Agreement and Section 2.4 and the Professional Work Services Statement.

38. As a result of Frindar's failure to pay for the products, Telcordia has suffered damages in excess of $660,320.68. Telcordia seeks the actual damages it has suffered as a result of Frindar's breach of contract.

39. Frindar's breach of its contracts with Telcordia have forced Telcordia to retain legal counsel. Telcordia seeks the attorneys' fees and costs it incurs in connection with this lawsuit pursuant to Section 4.7 of the VAR Agreement.

## IV.
## PRAYER

Defendant Telcordia Technologies, Inc. respectfully prays that its Affirmative Defenses be sustained, that Plaintiff takes nothing by its suit, and that Defendant recover all costs incurred in defense of Plaintiff's claim, and that Defendant, as counter-plaintiff, have judgment against Plaintiff and counter-defendant as follows:

31175552.1

1. An amount representing the actual damages Telcordia has suffered as a result of Plaintiff's breaches of contract.

2. Prejudgment and postjudgment interest as provided by law;

3. Reasonable attorney's fees;

4. Costs of suit; and

5. Such other and further relief to which Telcordia may be justly entitled.

Dated:   August 18, 2006               Respectfully submitted,


*Mary Dietz*
MARY SCHAERDEL DIETZ
   State Bar No. 03741500
CAROLYN OSTROM
   State Bar No. 04606030
**FULBRIGHT & JAWORSKI L.L.P.**
600 Congress Avenue, Suite 2400
Austin, Texas 78701
Telephone: (512) 474-5201
Telecopier: (512) 536-4598

**Attorneys for Defendant
Telcordia Technologies, Inc.**

31175552.1

- 8 -

# CERTIFICATE OF SERVICE

- 9 -

I hereby certify that, on August 18, 2006, a true and correct copy of the foregoing Defendant Telcordia Technologies, Inc.'s Original Answer an Counterclaim was served on the following counsel of record in the manner shown below.

>Mr. James G. Ruiz
>Winstead Sechrest & Minick P.C.
>401 Congress Avenue, Suite 2100
>Austin, TX 78701

*Mary Dietz*
Mary Schaefdel Dietz