IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRINDAR MEGASOFT INTERNATIONAL, INC., | § § § | |
| Plaintiff | § § | CIVIL ACTION NO. |
| v. | § § | A-06-CA-600-LY |
| TELCORDIA TECHNOLOGIES, INC. | § § § | |
| Defendant. | § § | |

## DEFENDANT TELCORDIA TECHNOLOGIES, INC.'S
## MOTION TO COMPEL ARBITRATION OF ALL CLAIMS AND TO DISMISS OR STAY PROCEEDING AND RESPONSE TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION OF DEFENDANT'S COUNTERCLAIM

Defendant Telcordia Technologies, Inc. ("Telcordia"), files this Motion to Compel Arbitration of all Claims and to Dismiss or Stay Proceeding and Response to Plaintiff's Motion to Compel Arbitration of Defendant's Counterclaim and respectfully shows the Court as follows:

### I.  INTRODUCTION

Plaintiff seeks an order compelling arbitration of Telcordia's Counterclaim. However, all claims in this lawsuit—not just the Counterclaim—are subject to the parties' valid and binding agreement to resolve their disputes via arbitration. Consequently, pursuant to Sections 4 and 9 of the Federal Arbitration Act, Telcordia seeks an order compelling arbitration of all claims in this action and an order staying or dismissing this action without prejudice to the parties' right to pursue the claims in arbitration. *See* 9 U.S.C. §§ 4, 9.

## II.   STATEMENT OF FACTS

Plaintiff Frindar Megasoft International, Inc. ("Frindar") initially filed a state court action on June 27, 2006, asserting claims against Telcordia for business disparagement and tortious interference with business relations of Frindar's alleged existing and future business relationship with Saskatchewan Telecommunications ("Sasktel"), a Canadian telecommunications company. After removing the case, on August 18, 2006, Telcordia filed its Original Answer and Counterclaim wherein it asserted claims for breach of contract under the Value Added Reseller ("VAR") Agreement and Professional Services Agreement it entered into with Frindar. The VAR Agreement contains an arbitration clause whereby Telcordia and Frindar agreed that "**all controversies or claims arising out of or relating to**" the VAR Agreement or breaches thereof shall be decided by arbitration. A true and correct copy of the VAR Agreement, the two amendments to the agreement, and the related License Request Form are attached as Exhibits A, B, C and D. The Professional Services Agreement and related Work Statement are attached as Exhibits E and F.

Under the VAR Agreement, Telcordia appointed Frindar as a non-exclusive distributor and value added reseller of Telcordia® Network Engineer Software. In its role as a distributor under the VAR Agreement, in June of 2005, Frindar negotiated the sale of 50 seats of the Telcordia® Network Engineer software product to Sasktel. *See* Plaintiff's Original Petition ("Petition") ¶¶ 6, 7. Telcordia supplied the product for Frindar's sale to Sasktel, but Frindar never paid Telcordia any amount for the product. Frindar claims there was a "pricing dispute" regarding the Frindar/Sasktel sale. Petition ¶¶ 7-10. Frindar's tort claims arise out of and relate to this pricing dispute under the VAR Agreement. Specifically, Frindar alleges:

> **To increase its leverage in the discussion concerning the pricing dispute,** Telcordia contacted Sasktel, Frindar's primary customer, and represented to Sasktel that Frindar no longer had a working office, no longer will have any

31195168.1

> access to further versions of Telcordia products, received a proposal from Telcordia to settle the pricing dispute but has not responded, and in Telcordia's estimation, Frindar cannot support any further development of Sasktel. These statements are false and Telcordia made the statements with malice, knowing the statements were false at the time it made the statements to Sasktel. Telcordia made these statements with the intent to harm Frindar's business operations, and Frindar's business operations have been harmed as a result. As a direct result of Telcordia's tortious conduct, Frindar asserts the following causes of action.

Petition ¶ 10 (emphasis added). Although Frindar filed suit and pled its claims in an effort to circumvent the arbitration agreement, its efforts to avoid arbitration must fail. As the Petition shows, Frindar's tortious interference and business disparagement claims, as well as Telcordia's Counterclaim, arise out of and relate to the VAR Agreement, and therefore, they must be arbitrated.

### III.  ARGUMENT AND AUTHORITIES

**A. The Federal Arbitration Act Governs This Case**

This matter is governed by the Federal Arbitration Act ("FAA"). The arbitration provision assented to by both parties references the FAA. *See* VAR Agreement, Ex. A ¶13.11. The United States Supreme Court has held that "[parties] are free to specify by contract the rules under which arbitration will be conducted," including the specification of the law of a particular jurisdiction. *Volt Info. Sci., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 469 (1989). Indeed, the parties indicated their intent for the FAA to govern their claims, and this choice should control.

Moreover, as a matter of law, the FAA applies to the arbitration provision because it is a written arbitration agreement involving transactions affecting interstate commerce. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277 (1995) (holding that the FAA applies to written agreements containing arbitration provisions involving activities that affect "interstate commerce"). Thus, both by agreement and as a matter of law, the FAA governs the agreement.

31195168.1

### B. Arbitration Is Favored Under the Federal Arbitration Act, and There is a Presumption of Arbitrability

The United States Supreme Court has emphasized that by passing the Federal Arbitration Act, "Congress declared a ***national policy favoring arbitration*** and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984) (emphasis added). The Fifth Circuit and New Jersey[1] state courts recognize the liberal federal policy and have consistently favored arbitration. *Personal Security & Safety Systems, Inc. v. Motorola, Inc.*, 297 F.3d 388, 392 (5th Cir. 2002); *Sarbak v. Citigroup Global Markets, Inc.*, 354 F. Supp. 2d 531, 537 (D.N.J. 2004); *Delta Funding Corp. v. Harris*, 396 F. Supp. 2d 512, 516 (D.N.J. 2004).

As a result of the policy favoring arbitration, there is a presumption of arbitrability. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649-50 (1986). The Supreme Court has stated that "the Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). The Fifth Circuit has followed suit. *Neal v. Hardee's Food Systems, Inc.*, 918 F.2d 34, 37 (5th Cir. 1990). As a consequence, a valid agreement to arbitrate applies unless it can be said with positive assurance that the arbitration clause is not susceptible of an interpretation which would cover the dispute at issue. *Neal*, 918 F.2d at 37. Indeed, there is a heavy presumption in favor of arbitration, which Frindar cannot overcome.

### C. Frindar's Claim and Telcordia's Counterclaim Should Be Arbitrated

To determine the enforceability of an arbitration agreement, courts consider: (1) the validity of the arbitration agreement, and (2) whether the dispute is within the scope of the

---

[1] The VAR Agreement provides for application of New Jersey law. VAR Agreement, Exhibit A, ¶ 13.6.

arbitration agreement. *Pennzoil Exploration & Production Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1065 (5th Cir. 1998). As shown below, both requirements are met and, therefore, this Court should compel arbitration of all claims.

### 1. A Valid Arbitration Agreement Exists Between the Parties

Telcordia and Frindar have a valid agreement to arbitrate all controversies or claims arising out of relating to the VAR Agreement or breach thereof, except for claims that have been waived under the VAR Agreement. The arbitration provision agreed to by the parties states in relevant part as follows:

> 13.11  **Arbitration**. All controversies or claims arising out of or relating to this Agreement or breach thereof, except for claims that have been waived hereunder shall, unless the parties agree otherwise, be decided by arbitration conducted in New Jersey by a single neutral expert arbitrator, in accordance with the Commercial Arbitration Rules of the American Arbitration Association.... Arbitration shall be final and binding, in accordance with 9 U.S.C. Sec. 1 et seq.

VAR Agreement, Exhibit A, ¶ 13.11. There is no dispute that the parties agreed to this provision.

### 2. Frindar's Claims, As Well As Telcordia's Counterclaim, are Within the Scope of the Arbitration Agreement

The second prong of the test is satisfied—this dispute is within the scope of the arbitration provision of the VAR Agreement. The arbitration provision agreed to by Frindar requires arbitration of "all controversies or claims arising out of, or related to" the VAR Agreement. VAR Agreement, Exhibit A ¶13.11. Frindar's tortious interference and business disparagement claims arise out of and are related to the VAR Agreement. Frindar specifically alleges that Telcordia made disparaging remarks and tortiously interfered with Frindar's relationship with Sasktel **to gain leverage in a pricing dispute under the VAR Agreement.** Petition ¶10. Accordingly, Frindar's claims fall within the scope of the arbitration provision of the VAR Agreement.

31195168.1

- 5 -

    a.  **The Arbitration Agreement is a Broad One**

Both the Supreme Court and Fifth Circuit have made a distinction between "narrow" and "broad" arbitration clauses. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 397-98 (1967); *Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc.*, 138 F.3d 160, 164-65 (5th Cir. 1998); *Complaint of Hornbeck Offshore (1984) Corp. v. Coastal Carriers Corp.*, 981 F.2d 752, 754 (5th Cir. 1993). An arbitration clause is characterized as narrow when the language of the clause requires arbitration of disputes "arising out of" the agreement. *See Pennzoil*, 139 F.3d at 1067. A broad arbitration clause, on the other hand, such as the one agreed to by Frindar and Telcordia, includes language such as "any dispute that arises out of or relates to" the agreement, or disputes that are "in connection with" the agreement. *See Id.*

    b.  **All Claims in the Lawsuit Have a Significant Relationship to the VAR Agreement and "Touch Matters" Covered by the Arbitration Provision**

Where, as in the instant action, the arbitration clause is broad, in the absence of any express provision excluding a particular grievance from arbitration, only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail. *AT&T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986). In the case at hand, there is no express provision excluding tortious interference or business disparagement claims, and there is no evidence, much less "the most forceful evidence" of a purpose to exclude such claims from arbitration.

The Fifth Circuit has held that the broad form arbitration provisions are not limited to claims that literally arise under the contract, but rather embrace all disputes between the parties having a significant relationship to the contract regardless of the label attached to the dispute. *Pennzoil*, 139 F.3d at 1067; *Personal Security & Safety Systems, Inc.*, 297 F.3d at 393. In fact, as long as the allegations underlying the claims "touch matters" covered by the arbitration

agreement, then they must be arbitrated, regardless of the legal labels attached to the claims. *Pennzoil*, 139 F.3d at 1068.

In the *Personal Security* case, PSSI entered into two separate agreements with Motorola: a Stock Purchase Agreement (which did not contain an arbitration agreement) and a Product Development Agreement (which did contain an arbitration agreement). The court examined whether the arbitration provision covered PSSI's claims, which arose solely out of the Stock Purchase Agreement, explaining, "the question is whether we can say 'with positive assurance' that the arbitration provision in the Product Development Agreement is not susceptible of an interpretation that would cover these claims." *Id.* at 392. The Fifth Circuit answered "no" to the question and held that the claims were arbitrable. Under this "positive assurance" test, all the claims in the current lawsuit must be arbitrated.

Furthermore, courts have held tortious interference claims to be within the scope of similar broad arbitration agreement. For example, in *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 528-29 (5th Cir. 2000), the Fifth Circuit held that the district court did not abuse its discretion by concluding that Plaintiff's tortious interference claims were connected to a distribution agreement, so the arbitration agreement within the distribution agreement should be given effect. The Fifth Circuit compared the operative facts in the complaint with the distribution agreement and stated that it was "obvious" that the tortious interference allegations and claims are "intertwined with, and dependent upon, the distribution agreement." *Id.* at 529. *See also DeStephano v. Broadwing Commun., Inc.*, 48 Fed. Appx. 103 (5th Cir. 2002)[2] (holding district court did not err in holding that tortious interference claim was within the scope of the arbitration agreement). A comparison of Frindar's petition and the language of the VAR

---

[2] Pursuant to Fifth Circuit Local Rule 47.5.4, a copy of the *DeStaphano* opinion is attached hereto as Exhibit G.

31195168.1

Agreement's arbitration clause compels a similarly obvious conclusion that Frindar's claims are intertwined with and dependent upon the VAR Agreement.

### D. The Court Should Compel the Parties to Proceed to Arbitration

Section 3 of the FAA *requires* a court to compel arbitration if the court is "satisfied that the issue involved . . . is referable to arbitration" under an arbitration agreement. *See* 9 U.S.C. § 3. The Supreme Court has held that once a court determines that a valid arbitration provision applies, it has *no discretion* to refrain from compelling the parties to proceed with arbitration. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). As the parties' arbitration agreement is enforceable under the FAA and all claims in the lawsuit are within the ambit of the agreement, the Court should issue an order compelling arbitration.

### E. After Compelling Arbitration, the Court Should Either Stay or Dismiss the Lawsuit

Because all of the claims in the lawsuit are subject to arbitration as set forth in the VAR Agreement's arbitration provision, this Court should compel arbitration and either dismiss or stay the pending litigation until final resolution by the arbitrator. While a court may not refuse to stay a proceeding if any issue is referable to arbitration under a written arbitration agreement, "[t]his rule . . . was not intended to limit dismissal of a case in the proper circumstances." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). When all of the issues raised in the trial court must be submitted to arbitration, dismissal is appropriate. *Id.* Since all claims in the case at bar are governed by the arbitration agreement, this Court should stay all proceedings pending resolution of Frindar's claims and Telcordia's Counterclaim through arbitration or dismiss all claims without prejudice to the parties' right to pursue the claims in arbitration.

## IV. CONCLUSION

For the foregoing reasons, Defendant Telcordia requests that this Court compel arbitration of all claims made in this action and that this Court dismiss all claims without prejudice to the parties' right to pursue the claims in arbitration or, in the alternative, that the Court enter an order staying this entire lawsuit until such time as arbitration has been completed. Telcordia requests all other and further relief to which it may justly be entitled.

Dated:   September 28, 2006          Respectfully submitted,

*/s/ Mary Dietz*

MARY SCHAERDEL DIETZ
  State Bar No. 03741500
CAROLYN OSTROM
  State Bar No. 04606030
**FULBRIGHT & JAWORSKI L.L.P.**
600 Congress Avenue, Suite 2400
Austin, Texas 78701
Telephone: (512) 474-5201
Telecopier: (512) 536-4598

**Attorneys for Defendant**
**Telcordia Technologies, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that, on September 28, 2006, a true and correct copy of the foregoing Defendant Telcordia Technologies, Inc.'s Motion to Compel Arbitration of All Claims and To Dismiss or Stay Proceeding and Response to Plaintiff's Motion to Compel Arbitration of Defendant's Counterclaim was served on the following counsel of record in the manner shown below.

| | |
|---|---|
| Mr. James G. Ruiz<br>Winstead Sechrest & Minick P.C.<br>401 Congress Avenue, Suite 2100<br>Austin, TX  78701 | Via U.S. Mail and email |

*Mary Dietz*
Mary Schaerdel Dietz